IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 1, 2009

No. 08-11125
Summary Calendar

Charles R. Fulbruge III
Clerk

MICHELLE CASANOVA

Plaintiff-Appellant

v.

MICHAEL J. ASTRUE, Commissioner of Social Security

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:05-CV-227

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Michelle Casanova, a social security claimant, appeals the district court's decision to affirm the administrative law judge's finding that she was not entitled to social security benefits. For the following reasons, we affirm.

In 2003, Casanova filed for Title II disability insurance benefits and for supplemental security income benefits under Title XVI. She alleged her

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

disability based on back pain began January 29, 2003. Her claims were denied by the Commissioner, and she sought review by an administrative law judge (ALJ). The ALJ concluded that, while Casanova's impairment was severe, she "has the residual functional capacity to perform work at the light exertional level." Accordingly, the ALJ denied benefits.

After Casanova exhausted her administrative remedies, Casanova sought review in federal district court under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (2000). A federal magistrate judge issued a report and recommendation to affirm the decision of the Commissioner. Casanova filed objections, which the district court overruled. The district court adopted the magistrate judge's report and recommendation and denied relief. Casanova now appeals.

We review a denial of social security benefits "only to ascertain whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). A final decision is supported by substantial evidence if we find relevant evidence sufficient to establish that a reasonable mind could reach the same conclusion reached by the Commissioner. *Id.* In our review of the evidence, we do not substitute our judgment for the Commissioner's judgment. *Id.* If there are conflicts in the evidence, we accept the Commissioner's resolution of those conflicts so long as that resolution is supported by substantial evidence. *Id.*

Casanova's sole argument on appeal is that substantial evidence does not support the ALJ's finding as to her residual functional capacity (RFC). The Commissioner uses a sequential five-step inquiry to evaluate disability claims under 42 U.S.C. § 423(d)(1)(A). *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); 20 C.F.R. § 404.1520(a)(4). In step four of the inquiry, the Commissioner considers whether the claimant has the RFC to perform past relevant work. 20

2

C.F.R. § 404.1520(a)(4)(iv). The ALJ found that Casanova retained the ability to perform her past relevant work as a cashier.

Casanova contends that the ALJ erred in placing great weight on her admission that she took care of her family and certain household tasks. We disagree. Although the ALJ did consider this evidence, he did not put undue emphasis on it. "It is appropriate for the Court to consider the claimant's daily activities when deciding the claimant's disability status." *Leggett v Chater*, 67 F.3d 558, 565 n.12 (5th Cir. 1995). Indeed, any "inconsistencies between [Casanova's] testimony about [her] limitations and [her] daily activities were quite relevant in evaluating [her] credibility." *Reyes v. Sullivan*, 915 F.2d 151, 155 (5th Cir. 1990) (per curiam).

Moreover, the ALJ expressly considered Casanova's medical records, including a normal MRI and a normal bone scan. Dr. Cone found a slightly diminished range of motion in the lower back but no spasm. Dr. Cone also indicated that Casanova had had "symptoms for a couple of years" and characterized them as "generally under-whelming." Dr. Veggeberg had found her temporarily totally disabled but did not indicate that she was permanently unable to work. The ALJ recognized that Casanova had lumbar pseudoarthrosis and found it to be a severe impairment. However, the ALJ found Casanova's "testimony and subjective complaints . . . only generally credible." Credibility determinations are generally entitled to great deference. *Newton*, 209 F.3d at 459. In this case, we find the ALJ's determination that Casanova has retained the ability to perform her past relevant work as a cashier is supported by substantial evidence.

The order of the district court is AFFIRMED.